CITY OF HUNTSVILLE V. WILLIAM C. McCRAW, ATTORNEY GENERAL.

No. 7258. Decided July 21, 1937.
(108 S. W., 2d Series, 204.)

*A. T. McKinney* and *Llewellyn & Dougherty,* all of Huntsville, for relator.

The bond and warrant law does not require that the notice of intention to issue revenue bonds shall be contained in the notice to bidders. Fisher v. City of Bartlett, 76 S. W. (2d) 535; Hazelwood v. City of Cooper, 87 S. W. (2d) 776; Hoff v. Westhoff, 102 S. W. (2d) 293.

*William McCraw,* Attorney General, *Charles B. Walker, Effie Wilson-Waldron,* and *Victor W. Bouldin,* Assistants Attorney General, for respondent.

The City of Huntsville has not complied with the provisions of the Act of 1931, in regard to notice of intention to issue said bonds. City of Dayton v. Allred, 123 Texas 60, 68 S. W. (2d) 172; 44 C. J. 1090; Brenham v. Holle, 153 S. W. 345; Kelly v. Cochran County, 125 Texas 444, 82 S. W. (2d) 641.

*Humphrey & Davis,* of Huntsville, *W. E. Orgain,* of Beaumont, and *F. G. Coates,* of Houston, filed written argument on

behalf of Gulf States Utilities Company and others, as amici curiae.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is an original mandamus proceeding brought by the City of Huntsville, Texas, as relator against Honorable William C. McCraw, Attorney General of Texas, as respondent to compel the approval by respondent of $125,000.00 of revenue bonds proposed to be issued by the City. The City is a municipal corporation, duly incorporated under the general laws of this State. The bonds involved are proposed to be issued under and by authority of Articles 1111 et seq., R. C. S. of Texas, as amended. The proceeds of the sale of such bonds are to be used to build an electric light and power system for the City. The bonds and all pertinent proceedings and orders pertaining thereto expressly stipulate and say that they shall never be a debt against the City. In this regard it is expressly provided on the face of the bonds and pertinent orders that such bonds are secured by a lien on the net revenues of the proposed system, and also by a lien on the physical properties of such system itself.

As a step preliminary to the issuance of these bonds the city council on October 29, 1935, by resolution, directed the city secretary to give notice of its intention to issue them under the provisions of Articles 1111 et seq., R. C. S., as amended. In an attempt to comply with such resolution the city secretary had a notice published in a local newspaper in the issues of October 31 and November 7, 1935. This notice was as follows:

"NOTICE OF INTENTION TO ISSUE REVENUE BONDS.

"Pursuant to the provision of Chapter 163 Acts of the 42nd Legislature notice is hereby given that the City Council of the City of Huntsville, Texas, will on November 15th, 1935, pass such ordinances and take such action as may be deemed necessary to authorize the issuance of 'City of Huntsville Light and Power System Revenue Bonds' in an amount not exceeding $125,000.00, maturing serially over a period of not more than 20 years, with interest payable semi-annually at a rate not exceeding 4% per annum for the purpose of constructing a municipal electric light and power system and street lighting system in accordance with the provisions of Articles 1111 to 1118 inclusive, R. S. 1925, as amended.

"According to provisions of law said bonds shall be payable only from the net revenue of said system after deduction of all necessary operating and maintenance expenses including reasonable depreciation and there shall be printed across the face

of each and every bond and interest coupon the following statutory provision:

" 'THE HOLDER HEREOF SHALL NEVER HAVE THE RIGHT TO DEMAND PAYMENT OF THIS OBLIGATION OUT OF ANY FUNDS RAISED OR TO BE RAISED BY TAXATION.'

"These bonds or interest thereon shall be paid only from the net revenue of the light and power plant to be constructed and from no other resources or taxation, and shall not be a debt of the City of Huntsville.

"By order of the City Council of the City of Huntsville, Texas.

"KATE BARR ROSS
"City Secretary."

As appears on the face of the notice it informed the voters and public generally that the city council intended to issue revenue bonds payable alone out of the net revenues of a proposed electric light and power system. The bonds, as presented to respondent for approval, are secured by the net revenues of the proposed system, and in addition thereto they are secured by a deed of trust "lien on all real estate, fixtures and chattels constituting a part of or used in connection with the lighting and power system of said City, including rights and franchises, and including all properties to be constructed with the proceeds of the bond issue authorized by this ordinance. Said mortgage shall also cover all real property, fixtures and chattels thereafter acquired by the City, subject only to any mortgages or liens to which said properties were subject in the hands of the prior owner and to purchase money mortgages given by the City at such times of future purchases." The deed of trust contains proper provisions making effective the various liens on physical properties, pledges of revenues, and of franchise to operate in case of default.

If we properly interpret his answer and brief, the respondent contends that he should not be compelled to approve these bonds for two main reasons:

(1) Respondent contends that the notice provided for in Section 11 of the Bond and Warrant Act of 1931, being Chapter 163, Acts of the Regular Session, 42d Legislature, page 269 (Article 2368a, Vernon's Texas Statutes, 1936), is required to be given in the manner, at the time, and under the circumstances provided for by Section 3 of the same Act. In other words, respondent contends that when the governing body of a city contemplates issuing revenue bonds under the provisions of Articles 1111 et seq., as amended, for the purpose of constructing a public utility, such as this, such governing body can only

comply with the notice provisions of Section 11 of Article 2368a, supra, by first having prepared plans and specifications, etc., of such proposed utility and advertising for bids thereon, and including the notice of intention to issue such bonds in such advertisement for bids.

(2) Respondent contends further that it is not his ministerial duty to approve these bonds because the notice actually given by the City was insufficient, in that it was affirmatively and materially misleading.

If we properly interpret the brief of the City it admits that under the provisions of Section 11, supra, it was necessary for its governing body to give some character of notice as a preliminary step to its right to issue these bonds, but contends that such statute is sufficiently complied with when its governing body, at the outset, publishes a notice of its intention to issue such bonds, so that such governing body "may determine in advance of the incurring of any expense whether or not it is the will of the voters that such plant shall be built."

■ We admit that the notice provision of Section 11, supra, as regards revenue bonds, is shrouded in obscurity. We further admit that the intention of the Legislature in that regard is very difficult of ascertainment. In view, however, of the provision of Section 4 of Article 2368a, which provides, in effect, that the governing body of a city "may at its discretion also submit such question to a vote of the people," we are of the opinion that under the notice provision of Section 11, supra, and under the provision of Section 4, supra, just mentioned, the governing body of a city, as preliminary to the issuance of revenue bonds, may of its own motion order an election to ascertain the will of the voters thereon, or it may at the outset publish a notice of its intention to issue such bonds, and then order an election if same should be petitioned for. Of course we do not intend to hold that it would be illegal to give the notice as contended for by respondent. We simply hold that Section 11 is sufficiently complied with when a proper preliminary notice of intention is published. In Texas P. & L. Co. v. City of Sulphur Springs, (Tex. Civ. App., writ dismissed for want of jurisdiction), 103 S. W. (2d) 859, it was held, in effect, that in the issuance of revenue bonds the election requirements of the law were met where the election was ordered by the governing body of the city of its own motion in the beginning. We think the conclusion we have here reached logically follows from the decision in the Sulphur Springs case.

Respondent contends that to sustain relator's contention in

this regard would be to hold that the governing body of a city may let a contract to build a utility financed by revenue bonds without competitive bids. While that question is not before us, we will say that we do not so hold.

■ In spite of the above, we are unable to bring ourselves to the conclusion that it is the ministerial duty of the respondent to approve these bonds. Under the law, Article 1111, R. C. S., as amended, a city may issue bonds such as these and secure their payment by pledge or lien on the net income alone of the utility for which such bonds are issued. On the other hand, a city under such statute may go further and include in such lien or pledge the physical properties of the proposed plant itself, including the granting of a franchise to operate the same. Under the above notice, as actually given, the voters and general public would have had a right to believe that these bonds would be issued so as to be secured by lien on the net income only of the proposed electric light and power system. The bonds, as tendered to the respondent for approval, are entirely different. They are secured not only by the net revenues of the proposed system but by the physical properties thereof and a franchise to operate as well. It is certainly a very different thing for a city to issue revenue bonds secured only by the net revenues of the proposed utility system, and to issue the same bonds secured not only by the net revenues of such system but by the physical properties thereof and a franchise to operate as well. Had this notice stated that these bonds would be secured not only by net revenues but by physical properties and a franchise to operate, the voters might have petitioned for an election. Who can say that they would not? The respondent is correct in his contention that the notice given was calculated to be affirmatively misleading. Such being the case, we can not bring ourselves to the conclusion that it is his ministerial duty to approve these bonds.

The mandamus prayed for by relator is refused.

Opinion delivered July 21, 1937.